No.  13513

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

In the Matter of the GUARDIANSHIP OF MATTHEW IAN GULLETTE and
TIMOTHY AURIC GULLETTE, minor children

_____

Appeal from:   District Court of  the Thirteenth Judicial District,
                      Honorable Charles Luedke, Judge presiding.

Counsel of Record:

  For Appellant:

        Jones, Olsen & Christensen, Billings, Montana
        Paul G. Olsen argued, Billings, Montana

  For Respondent:

        Terry L. Seiffert argued, Billings, Montana

_____

                                      Submitted:   September 8, 1976
                                      Decided:   July 27, 1977

Filed:   July 27, 1977

Thomas J. Kearney_____
                            Clerk

~ 1 ~

Mr. Justice John Conway Harrison delivered the opinion of the Court.

This is an appeal from an order of the district court, Yellowstone County, granting custody and letters of guardianship of two minor children following a hearing conducted without a record. The maternal grandmother in whose custody the children had been for several years appeals from the order. Several issues are before this Court on appeal.

1. Whether the absence of a stenographic record requires this case be reversed and remanded to the district court? This issue is raised by this Court sua sponte.

2. Are the factors set forth in section 48-332, R.C.M.1947, controlling in a custody and guardianship hearing for children?

3. Was it an abuse of discretion on the part of the district court when it failed to appoint counsel to protect the rights of the children under the Montana Constitution?

Matthew Ian Gullette, age 5, and Timothy Auric Gullette, age 7, are the children of Paula Sue Gullette and Steven Gullette. Steven deserted his family in Denver, Colorado in February 1972 and later joined the United States Navy. Paula with the assistance of her mother Mrs. Wanda S. Robertson returned to Montana. Wanda Robertson took the family into her home. The two boys have lived most of their lives in the grandmother's home. On September 14, 1975, Paula was murdered. Her mother Wanda Robertson filed a petition for guardianship of the children and was appointed temporary guardian of the children on September 25, 1975.

Notice was sent to Steven Gullette, the natural father, who objected to Mrs. Robertson becoming the children's guardian. He requested that the maternal great aunt and uncle, Helen and Ogden Wilson of Perrytown, Texas be appointed guardians of the children. The Wilsons were total strangers to the children. It was stipulated by the parties through their counsel, that an

investigation be conducted on the respective potential guardians. Following the filing of the investigation reports, hearing was held on June 7, 1976, by the court sitting without a jury. It is conceded that none of the testimony was reduced to writing, that the district court did not deem it advisable to talk to the children due to their ages, and that no attorney was appointed to represent the children.

The district court file indicates there was testimony from a number of witnesses for Mrs. Robertson and in opposition by Steven Gullette, Paul Robertson, the grandfather, and Helen Wilson of Perrytown, Texas. On August 11, 1976, the district court entered its findings and order appointing the Wilsons as guardians of the children noting that the appointment of the Wilsons would be in the best interests of the children.

Counsel for Mrs. Robertson filed a motion for a stay of judgment pending an appeal which was denied. The children were taken to Texas on October 15, 1976.

While the order of the district court is reversed and remanded for a new hearing on the first issue, we will discuss all three issues due to the fact that each issue must be complied with at the new hearing.

The April 6, 1977, decision of this Court in *State v. Geary,* Mont., *562 P.2d 821*, is determinative of the first issue. In that case, where a record was not made of the dispositional hearing, we returned the case to the district court ordering a written record and stated:

"Without a transcript, this Court is placed in the position of attempting to reconstruct a record on appeal. Such a task being often impossible and unnecessary, the right to appeal becomes illusory, a right without substance."

Under the provisions of section 93-102, R.C.M.1947, the district court is one of three courts in Montana listed as a court of record. We hold that a contested custody proceeding

involving the guardianship of minors is a hearing requiring a verbatim record. Failure to hold such a hearing necessitates reversal.

The second issue on appeal is directed at the court's failure to consider the relative factors of section 48-332, R.C.M.1947, in determining custody. That section provides:

"*Best interest of child*. The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

"(1) the wishes of [***5] the child's parent or parents as to his custody;

"(2) the wishes of the child as to his custodian;

"(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

"(4) the child's adjustment to his home, school, and community; and

"(5) the mental and physical health of all individuals involved."

Under the facts in the instant matter -- where the father is serving in the United States Navy and the court found the father's "parental rights to custody [are] * * * suspended" in fact, though not in law (section 91A-5-204, R.C.M.1947), the court erred in not following the provisions of section 48-332 in determining the custody of the two children. Where a guardianship case is before the court under section 91A-5-204, R.C.M.1947, and the custody of a child is being contested, the court must consider the provisions of section 48-332, R.C.M.1947.

The children had spent most of their very early years with their grandmother. She appears to be the factor that kept the family together after the father left and went into the Navy. At the custody hearing the contesting parties were the grandmother, who was providing the home, and the father who failed to provide a home for his children. The wishes of the children were not considered, nor were the interactions and interrelationships of the children properly

considered in granting custody to complete strangers. Apparently, only the wishes of the father were considered, and in this case those desires on the part of the father could well be contra to the best interests of the children.

While this is a guardianship case, the guidelines set forth by this Court in recent custody cases should be considered in a contested guardianship custody case. *Gilmore v. Gilmore,* 166 Mont. 47, 530 P.2d 480; *Gilbert v. Gilbert,* 166 Mont. 312, 533 P.2d 1079; *In Matter of Adoption of Biery,* 164 Mont. 353, 522 P.2d 1377.

The final issue on appeal alleges the children were denied constitutional rights under the 1972 Montana Constitution, specifically Art. II, sections 3, 7 and 15, 1972 Montana Constitution which provide:

"Art. II, section 3: *Inalienable rights.* All persons are born free and have certain inalienable rights. They include the right to a clean and healthful environment and the rights of pursuing life's basic necessities, enjoying and defending their lives and liberties, acquiring, possessing and protecting property, and seeking their safety, health and happiness in all lawful ways. In enjoying these rights, all persons recognize corresponding responsibilities."

"Art. II, section 7: *Freedom of speech, expression and press.* * * * Every person shall be free to speak or publish whatever he will on any subject, being responsible for all abuse of that liberty. * * *"

"Art. II, section 15: *Rights of persons not adults.* The rights of persons under 18 years of age shall include, but not be limited to, all the fundamental rights of this Article unless specifically precluded by laws which enhance the protection of such persons."

It is argued that while there is no direct statutory authority for the appointment of counsel in a minority guardianship proceeding, there is permissive authority to appoint counsel in a

custody proceeding under the Uniform Marriage and Divorce Act, section 48-324, R.C.M.1947. Too, an incapacitated adult may have counsel appointed under section 91A-5-303, R.C.M.1947, and under Art. II, section 15 of the 1972 Montana Constitution the rights of a minor are also the rights of an adult.

In Montana's statutes the question of legal representation for a minor arises in a number of contexts:

"Section 10-1218(3), (4) Delinquency:

Mandatory: "(3) In all proceedings on a petition alleging a delinquent youth or youth in need of supervision as set forth in subsection (1) of this section, the youth, parents and guardian of the youth shall be advised by the court, or in the absence of the court, by its representative that the youth may be represented by counsel at all stages of the proceedings. If counsel is not retained, or if it appears that counsel will not be retained, counsel shall be appointed for the youth, unless the right to appointed counsel is waived by the youth and the parents or guardian. Neither the youth nor his parent or guardian may waive counsel if commitment to a detention facility or a youth forest camp or to the department of institutions for a period of more than six (6) months may result from adjudication."

Discretionary: "(4) The court, at any stage of a proceeding on a petition under this act, may appoint a guardian ad litem for a youth if the youth has no parent or guardian appearing in his behalf, or if their interests conflict with those of the youth. A party to the proceeding or an employee or representative of a party shall not be appointed as guardian ad litem."

Section 10-1310(12) -- Termination of parental rights in Youth Court:

"(12) The court may at any time on its own motion, or the motion of any party, appoint a guardian ad litem for the youth, or counsel for any indigent party."

Section 48-324 -- Divorce proceedings:

"*Representation of child.* The court may appoint an attorney to represent the interests of a minor dependent child with respect to support, custody, and visitation. The court shall enter an order for costs and fees in favor of the child's attorney. The order shall be made against either or both parents, except that, if the responsible party is indigent, the costs shall be waived."

Section 91A-5-207(4) -- Appointment of a guardian for a child's property:

"(4) If, at any time in the proceeding, the court determines that the interests of the minor are or may be inadequately represented, it may appoint an attorney to represent the minor, giving consideration to the preference of the minor if the minor is fourteen (14) years of age or older."

Section 91A-5-212(3) -- Removal of guardian:

"(3) If, at any time in the proceeding, the court determines that the interests of the ward are, or may be, inadequately represented, it may appoint an attorney to represent the minor, giving consideration to the preference of the minor if the minor is fourteen (14) or more years of age."

The question of legal representation for children has been considered in a number of jurisdictions throughout the United States in child custody cases where the courts held that the basic human right to maintain and enjoy the relationship which normally exists between parents and children is held no less by the children than the parents. When the United States Supreme Court ruled this right to be subject to constitutional protection -- *Griswold v. United States,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); *Prince v. Commonwealth of Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042, 29 A.L.R. 1446 (1923), it

necessarily guaranteed that neither parents nor children shall be deprived of due process. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Tinker v. Des Moines Community School Dist.,* 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Haley v. Ohio,* 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224; *State ex rel. Juvenile Dept. v. Wade,* 19 Or.App. 314, 19 Or.App. 835, 527 P.2d 753, 528 P.2d 1382, (1974), S.Ct. Review denied, appeal dismissed, 423 U.S. 806, 96 S.Ct. 16, 46 L.Ed.2d 27 (1975).

While we are here involved in a guardianship proceeding the basic constitutional rights set forth in custody cases are applicable. Under the 1972 Montana Constitution, the pertinent provisions heretofore quoted, it would be a violation of the child's rights to change its custody where custody is in dispute, without counsel. As a class, children involved in litigation are least able to cope with government in its official functions.

This is a case of first impression in this jurisdiction therefore we look to other jurisdictions for guidance and case authority. We find case authority in Oregon and Washington where the cases arose on statutory, not constitutional interpretation.

The Oregon case, *State ex rel. Juvenile Dept. v. Wade, supra*, stands alone in its holding that children involved in a termination of parental rights proceeding must be afforded independent counsel. One year later the Oregon court, in a factual situation not unlike the instant one before us, *In the Matter of D, minor child*, *24* Or.App. 601, 547 P.2d 175, 180 (1976), modified its position requiring counsel in every case. In that case the father was convicted of homicide of the child's mother and the grandparents instituted adoption proceedings for the child while the father was in prison. The father challenged the adoption on appeal alleging the child was not represented by independent counsel at the hearing. The court found no error and

~ 8 ~

allowed the adoption, noting that where it will best promote the welfare of the child the imprisoned parent was not deprived of due process and the equal protection of the law by the court not appointing independent counsel for the child. The court held:

"The primary purpose of both adoption and termination proceedings is the protection and promotion of a child's 'best interest.' Two significant contributions a child's attorney might be expected to make in these proceedings are: (1) by serving as an advocate for a position taken by his 'client' relative to the issues involved, and (2) by ensuring that the record upon which the court must rely in exercising its discretion is as complete and accurate as possible. Where, however, the child involved is by reason of his immaturity incapable of having or communicating a view as to how his personal interests would be best served, counsel cannot possibly fulfill the first of his anticipated roles -- that of an advocate. Whether, on the other hand, the presence of counsel at least theoretically responsible solely to the child is necessary to ensure the development of an adequately complete record focusing upon the child's 'best interests' would depend upon both the capabilities and diligence employed by those already present and the resources otherwise available to the court in each case. The trial court, directed by statute to exercise its authority for the benefit of the child would appear to be peculiarly well suited to make the determination of whether independent counsel might produce relevant evidence additional to that introduced by those already participating in the proceeding, either through the production of additional witnesses or through the examination of those present."

We find the reasoning of the Oregon court in *In the Matter of D* to be the most workable solution to the problem presented and hold that where custody is in serious dispute, the court shall appoint independent counsel for the child or make a finding stating the reasons that such appointment was unnecessary. *In re Marriage of Waggener,* 13 Wash.App. 911, 538 P.2d 845.

~ 9 ~

In Montana numerous statutes and cases have held the state has an active and continuing interest in the welfare of its children. Where, as here, the appointment of counsel to represent the children is necessary, it must be done. The power to appoint counsel can be necessarily implied from the power of the court to grant custody. In all such cases the district judge shall appoint the county attorney to represent the interest of the child or children. If a conflict arises where the county attorney is representing the welfare department, then other counsel must be provided.

The order and findings of the trial court are reversed. The letter of guardianship dated September 25, 1975, and the temporary custodial provisions thereof granting to Wanda S. Robertson custody over Matthew Ian Gullette and Timothy Auric Gullette are restored unto her pursuant to the previous order of the district court dated September 25, 1975 pending further hearing on the merits over which the district court, thirteenth judicial district, State of Montana, has continuing jurisdiction. A new hearing is ordered in compliance with this opinion.


MR. CHIEF JUSTICE HATFIELD and JUSTICES DALY, HASWELL and SHEA concur.