No. 80-24

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

DAVID EUGENE MALLEY,

Respondent and Appellant,

-vs-

PATRICIA MARIE MALLEY,

Petitioner and Respondent.

Appeal from:  District Court of the First Judicial District,
In and For the County of Lewis and Clark,
The Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

David E. Malley, Pro Se, Helena, Montana

For Respondent:

William McCarvel, Spokane, Washington

Submitted on Briefs:  July 10, 1980

Decided: NOV 18 1980

Filed: NOV 18 1980

_____
                Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

David Eugene Malley, appearing pro se, appeals from an order of property distribution entered by the Lewis and Clark County District Court upon the dissolution of his marriage. Because there is no transcript of this hearing, we are compelled to vacate the judgment and order another hearing so that a record can be made.

The wife, Patricia Marie Malley, filed for dissolution of the marriage on April 3, 1979. The couple had been married since June 26, 1975 and had no children. Each party, however, had been previously married, and each had children by a previous marriage. Neither the wife nor the husband adopted any of the other's children. The husband is a sales representative and the wife is a secretary.

The husband did not formally respond to the wife's petition for dissolution, but participated in two trial court hearings. The wife was represented by counsel at trial and is now represented by counsel in this appeal. There is pending before us a motion to dismiss by wife's counsel because the husband has failed to "cite any pleading, evidence, or trial testimony which would serve as a basis for his argument." The wife's counsel wants us to dismiss this appeal because the husband has not raised any reviewable issues. But the issue he raises (the fairness of the property distribution decree) can only be reviewed where there is a record of the proceedings below. It would be unfair to the extreme to dismiss the appeal and deny any relief to the husband where the failure to have a record cannot be laid at his doorstep. We should not have to remind a successful party to litigation in District Court, that the judgment obtained is placed in jeopardy where there is no record of the proceedings.

Following the two hearings concerning apportionment of the marital assets, the wife through counsel, and the husband, pro se, submitted proposed findings and conclusions. The trial court virtually adopted verbatim the findings and conclusions proposed by counsel for the wife. The husband now contends in this appeal that the trial court entered an inequitable property division. He claims his "pocket is now empty." Although he has not filed a brief in this Court, he asks this Court to review the findings and conclusions of the trial court and remand the case for a redetermination of the property distribution.

Unfortunately, we cannot review the husband's contentions because a trial record is necessary to do this. But that is not the husband's fault. In Matter of Geary (1977), 172 Mont. 204, 562 P.2d 821, we stressed the need for a trial record:

> "Without a transcript, this Court is placed in the position of attempting to reconstruct a record on appeal. Such a task being often impossible and unnecessary, the right to appeal becomes illusory, a right without substance."

That principle applies equally here. In Matter of Guardianship of Gullette (1977), 173 Mont. 132, 566 P.2d 396, we reversed a contested custody case because the hearing had not been recorded so as to enable effective appellate review. We noted in Gullette, that the District Court is by statute, a court of record, and this implies that a record will be kept of the proceedings. Recently, in Schneider v. Ostwald (Cause No. 80-118, Decided October 8, 1980), we set aside a trial court contempt order because the contempt of court proceedings were not recorded.

We must reach the same result here. The record is silent as to why a court reporter was not present. But reasons aside, the failure to record the property distribution hearings

-3-

has effectively denied the husband appellate review of the trial court's judgment.

The judgment is vacated and the case remanded for a full hearing, with proceedings to be reported in a manner so that appellate review can reach the issues.

_____
Justice

We Concur:

_____

_____
Justices

-4-

Mr. Justice John Conway Harrison dissenting:

I dissent.

Viewing the record here, we have an appellant who has previously had experience in a divorce proceeding, appearing pro se in this case, and now putting the trial court in error for failing to distribute the property properly. The majority rely on our previous holding in In Matter of Guardianship of Gullette (1977), 173 Mont. 132, 566 P.2d 396, a case involving the guardianship of children. I find our holding in that case clearly distinguishable. Here, appellant was offered a full and complete opportunity by the District Court to present his case, to file objections and to have the court consider findings of fact and conclusions of law, prior to the District Court's adoption of same. As I understand the law, failure to object to the court's findings and conclusions bars the raising of the issue on appeal.

What the majority holds is that whenever a court reporter is not present, the case will be reversed for lack of a record to be reviewed. This is directly contrary to the presumption of correctness of the judgment of the District Court. Here, appellant went through two hearings without objections and now seeks reversal on a technicality.

I would affirm.

_____
Justice

Mr. Chief Justice Frank I. Haswell dissenting:

I concur in the foregoing dissent of Mr. Justice John Conway Harrison.

_____
Chief Justice