No. 81-06

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF
DENISE L. BARTMESS,

Petitioner and Respondent,

-vs-

BUDDY. G. BARTMESS,

Respondent and Appellant.

Appeal from: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Small, Hatch & Doubek, Helena, Montana

For Respondent:

Russell LaVigne, Helena, Montana

Submitted on Briefs: May 1, 1981

Decided: July 16, 1981

Filed: JUL 16 1981

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court

The marriage of Buddy Bartmess, appellant, and Denise Bartmess, respondent, was dissolved in the District Court of the First Judicial District, Lewis and Clark County. Buddy appeals from the order of the district judge awarding custody of the couple's child to Denise.

The parties were married in May 1978. A daughter was born to them in January 1979. Denise petitioned for dissolution in April 1980. Evidentiary hearings were held in August and October of 1980. The findings, conclusions and decree of dissolution of the District Court were filed on December 2, 1980. Denise was awarded custody of the couple's daughter. Buddy was ordered to pay child support in the amount of $100 per month. On December 4, 1980, appellant Buddy made a motion to alter the court's findings of fact and conclusions of law. A hearing on the motion was held on December 12. Because the District Court did not issue amended findings and conclusions, appellant filed his notice of appeal on January 7, 1981. On January 20, 1981, the District Court entered its amended findings of fact, conclusions of law and decree and dated them, nunc pro tunc, December 12, 1980.

Appellant raises three issues on appeal:

1. Did the District Court err by not appointing counsel to represent the couple's daughter;

2. Did the evidence support the award of custody to the mother; and

3. Were the findings and conclusions of the District Court sufficient to establish the basis for the court's decision?

The findings and conclusions contained in the decree filed December 2 were silent on the question of appointment of counsel for the minor child. The District Court should have made a finding on this question. Matter of Guardianship of Gullette (1977), 173 Mont. 132, 140, 566 P.2d 396, 400. Also the court's findings on the award of custody contained only the child's name and age and the conclusory statement that it would be in the child's best interest that she be placed in the permanent care, custody and control of her mother. The findings on custody did not record the essential and determining facts upon which the District Court rested its conclusion on the custody issue. Therefore, the District Court's judgment as to custody lacked support. Marriage of Barron (1978), 177 Mont. 161, 580 P.2d 936.

The District Court attempted to remedy the defects in the findings by issuing its amended findings, conclusions and decree. However, the filing of the notice of appeal divested the District Court of jurisdiction over the order and judgment from which the the appeal was taken. McCormick v. McCormick (1975), 168 Mont. 136, 541 P.2d 765. A trial court cannot enter supplemental findings after a notice of appeal has been filed. Churchhill v. Holly Sugar Corp. (1981), ___Mont.___, ___, ___P.2d ___, ___, 38 St.Rep. 860, 862.

In the absence of adequate findings, we cannot review the District Court's failure to appoint counsel or the award of custody. The decree of December 2, 1980, is vacated and the cause is remanded for the entry of new findings, conclusions and decree.

_____
Justice

-3-

We concur:

_____

_____

_____

_____
                Justices