No. 81-258

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

ROBIN R. CAMERON,

Petitioner and Appellant,

-vs-

GRANT L. CAMERON,

Respondent and Respondent.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Holmstrom, Dunaway & West, Billings, Montana

For Respondent:

Berger, Sinclair & Nelson; Chris J. Nelson,
Billings, Montana

Submitted on Briefs: December 11, 1981

Decided: March 3, 1982

Filed: **MAR 3 - 1982**

*Thomas J. Kearney*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appeal from a custody determination by the District Court of the Thirteenth Judicial District, Yellowstone County, in a proceeding for dissolution of marriage by Appellant Wife against Respondent Husband, in which custody of the three year old son was awarded to Husband. We remand for further findings and conclusions.

The parties married on November 25, 1976. One child was born to the marriage, a son who attained three years by the time of marriage dissolution. Following a determination that the marriage was irretrievably broken, the marriage was dissolved by order of the District Court on January 9, 1981. The issues on this appeal relate only to the custody of the three year old son. No reference will be made to facts not relevant to that issue.

During the separation and after the entry of the order on January 9, 1981, the three year old son lived with Wife and with the seven year old daughter of Wife, the half-sister of the three year old son. The December 18, 1980, findings of fact on the matter of custody are particularly relevant. The court found:

"V.

"That both parties desire the care, control and custody of the minor child Kristopher L. Cameron [three year old son]; that the parties hereto separated in June of 1980, and since separation the said minor child has resided with the petitioner and her daughter from a previous marriage; that the said minor child and his older sister are extremely close, with the said minor child being included in many of his older sister's activities and the older sister being in-cluded in the said minor child's activities such as when he has visited with his father during the period of separation, the said older child has accompanied him; that the home provided by the petitioner is adequate

-2-

for the minor child and the home that would be provided by the respondent would be adequate for the minor child if he were to obtain custody and that both are fit and proper parents for the custody of said child; that although the respondent is a diabetic, his medical condition is not such that would endanger the health and welfare of said child."

In the finding the District Court emphasized the significant close relationship between the three year old boy and his seven year old sister. The finding does indicate that both Wife and Husband were proper parents to have the custody of the three year old son. The court further stated:

"XIII.

"Both parties have a very close relationship with the minor child of the marriage and respondent has a close relationship as well with the petitioner's child of a former marriage. It is in the best interests of Kristopher L. Cameron, minor child of the marriage, that the petitioner and the respondent have joint custody so that as close a relationship as possible can be enjoyed by said child with both parents."

The District Court then concluded that it was in the best interests of the three year old son that his care, custody and control be awarded jointly to the Wife and Husband. In addition, the District Court ordered that the parties meet with the Court Services personnel to assist them in working out the details of the joint custody arrangements, with a proviso that in the event the parties were unable to agree on such arrangements within 30 days, the court would render a decision on those issues.

Husband and Wife were unable to agree to the terms and conditions of a joint custody agreement. A hearing was held on February 20, 1981, at which Husband and Wife and Sally Smith of the Child Crisis Center testified. By order dated March 4, 1981, the court found that the parties on several occasions met with Sally Smith in an effort to work out the

-3-

joint custodial arrangements and were unable to work out mutually satisfactory arrangements; and that since the decision the three year old son had continued to reside with the Wife with the Husband enjoying visitation rights. The trial court made further additional findings:

> "That because of the inability of the parties to agree upon the terms of the joint custody and because of the controversy existing between them is affecting the child, it is in the child's best interests that one or the other of the said parties be designated as the custodial parent with the other party enjoying visitation rights.

> "That it is in the best interests of the minor child of the parties that the respondent, Grant L. Cameron, be given his care, control and custody subject to the right of reasonable visitation on the part of the petitioner, Robin R. Cameron, which shall include, but not be limited to, the right to have the said child with her on alternate weekends from 7:00 p.m., Friday until 7:00 p.m. Sunday, alternate holidays such as Easter, July 4, Labor Day, Thanksgiving and Christmas and for two two week periods during the summer months when school is not in session, the exact time of the said two two week periods to be agreed upon by the parties."

Based upon the foregoing finding, the court awarded the care, control and custody of the three year old son to the Husband subject to the right of visitation as spelled out in the finding.

The issues on appeal are:

(1) Were the findings and conclusions of the District Court a sufficient basis for the award of custody to the Husband?

(2) Was it error for the District Court to fail to follow the clear legislative policy of custodial continuity in awarding custody of the child to the Husband?

(3) Was the failure of the District Court to provide Wife's counsel with investigator's report, coupled with the court's reliance on witness's ex parte report to the court,

-4-

reversible error?

I.

The first issue questions the findings of fact and conclusions upon which the court based its award of custody to Husband. As previously set forth, the findings of December 18, 1980, indicate that both Wife and Husband are fit and proper parents for custody, with an emphasis that the three year old son and his seven year old sister are extremely close. Next the court found that both Wife and Husband have a very close relationship with the three year old son and that the Husband has a close relationship with the seven year old daughter of Wife. The court concluded that it was in the best interests of the three year old son that the Wife and Husband have "joint custody so that as close a relationship as possible can be enjoyed by said child with both parents." We have reviewed the transcript of the testimony, and find that the evidence sustains the initial findings of the court, from which the court concluded that joint custody of the child was appropriate.

As previously noted, Wife and Husband were unable to agree upon the details of a joint custody arrangement and the additional hearing was held. In its order of March 4, 1981, the court found that it was in the three year old son's best interests that one or the other of the parents be designated as a custodial parent with the other enjoying visitation rights. Under section 40-4-218, MCA, the custodian may determine the child's upbringing, including his education, health care and religious training, subject to control by the court, so the matter of custodial determination is quite significant in the present case.

-5-

The factors which the court is required to consider in determining custody are set forth in section 40-4-212, MCA. The March 4, 1981, order included the District Court's finding that it was in the best interests of the three year old child that the Husband be given his care, control and custody with the Wife to have visitation rights. The finding was in the form of a conclusory statement, unsupported by facts explaining why Husband rather than Wife should have custody. The evidence in the transcript would support an award of custody to either Husband or Wife. The facts upon which the court made a determination that custody should be awarded to one parent rather than the other are required under the holding of this Court in Bartmess v. Bartmess (1981), 631 P.2d 299, 300, 38 St.Rep. 1097, 1098, in which the Court stated:

> ". . . the court's findings on the award of custody contained only the child's name and age and the conclusory statement that it would be in the child's best interest that she be placed in the permanent care, custody and control of her mother. The findings on custody did not record the essential and determining facts upon which the District Court rested its conclusion on the custody issue. Therefore, the District Court's judgment as to custody lacked support. Marriage of Barron (1978), 177 Mont. 161, 580 P.2d 936." (Underscoring added.)

When the findings of December 18, 1980, are considered with the findings of March 4, 1981, not only is there an absence of a finding of the facts upon which the court determined that custody should be awarded to Husband, but the facts as determined by the court tend to support a conclusion to the contrary because of the emphasis on the closeness of the relationship between the boy and his sister. The findings are not sufficient to allow this Court to approve the award

-6-

of custody to the Husband.

## II.

The next issue questions the failure of the District Court to follow a legislative policy of custodial continuity. Wife's counsel contends that section 40-4-219, MCA, is a basis for the contention that the District Court should not have modified the prior decree under which Wife was the custodian. That section is not applicable as we are not here faced with an attempt by the District Court to modify a prior custody decree which would be the basis for the application of section 40-4-219, MCA. While that code section is not applicable, it is true that the continuity and stability of the family relationship between the child and custodian is important. Gilmore v. Boehm (1975), 166 Mont. 47, 530 P.2d 480. We, therefore, request the District Court in its further consideration of this matter to address its prior factual determination of the close relationship between the three year old son and his seven year old sister, as it relates to the question of custody.

## III.

Wife argues that the failure of the District Court to provide a written copy of the Sally Smith report is reversible error. Counsel refers to section 40-4-215(3), MCA, which provides that the court shall mail the investigator's report to counsel at least ten days prior to the hearing. That section is not applicable to the present proceedings. Section 40-4-215(1), MCA, provides:

> "(1) In contested custody proceedings . . . if a parent or the child's custodian so re-quests, the court may order an investigation and report concerning custodial arrangements for the child . . ."

No request was made by either parent for such an investigation and the court did not order such an investigation. As previously stated, in its December 18, 1980, order, the court ordered the parties to meet with Court Services personnel to assist them in working out the details of the joint custody arrangements. That is within the power of the court and does not bring section 40-4-215, MCA, into play. The record shows that no written report by Sally Smith was prepared. The District Court also specifically stated that Sally Smith did not make any recommendation to the court. Under these facts there is no requirement under section 40-4-215, MCA, for the preparation and service of the written report.

In addition, the transcript shows that Sally Smith talked at least four or five times to Wife as well as to Husband in addition to a number of telephone calls, and also met with counsel for both Wife and Husband. Nothing in the nature of concealment is shown by the record. Finally, Sally Smith was present at the last hearing on February 20, 1981, and counsel for Wife had an adequate opportunity to examine or cross-examine Sally Smith. We find a total absence of any prejudice so far as Wife is concerned.

IV.

The order of March 4, 1981, of the District Court determining the care, custody and control of the three year old son is vacated, and the cause is remanded for the preparation and entry of new findings, conclusions and order of custody, together with such additional hearing, if any, as the District Court determines to be necessary.

_____
Justice

-8-

We Concur:

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_

_Frank B. Morrison_

Justices