No. 90-541

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

NANCY J. MITCHELL (GRAVELY),

    Joint Petitioner and Appellant,

  and

WILLIAM S. GRAVELY,

    Joint Petitioner and Respondent.

FILED

APR 16 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Michael S. Smartt, Esq., Great Falls, Montana

    For Respondent:

    Elizabeth A. Best, Esq., Great Falls, Montana

Submitted on Briefs:  March 22, 1991

Decided:  April 16, 1991

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Nancy J. Mitchell appeals from an order modifying child custody in this dissolution of marriage. The case was tried in the District Court of the Eighth Judicial District, in and for the County of Cascade. We affirm.

The issues are:

1. Did the District Court abuse its discretion or otherwise commit reversible error in modifying the primary physical custody of the minor child K.L.G.?

2. Did the District Court abuse its discretion or otherwise commit reversible error in modifying the primary physical custody of the minor child J.P.E.M.?

3. Did the District Court err in awarding costs and attorney fees to Gravely?

The marriage of Nancy J. Mitchell and William S. Gravely was dissolved in September of 1989. The decree of dissolution established joint custody of the minor children of the parties, K.L.G. and J.P.E.M., with primary physical custody in Mitchell. A February 1990 order based upon a stipulation of the parties clarified Gravely's visitation rights with the children.

In June 1990, a hearing was held on Gravely's motion that he be granted primary physical custody of the children. Gravely testified that Mitchell refused to allow him visitation with the children, that she had been "pretty drunk" a number of times when

2

he had spoken with her on the phone, and that he had heard Mitchell repeatedly use profane language toward K.L.G. He testified that K.L.G., then age four, told him she had seen Mitchell and her fiance "on the couch [without clothes] making some weird movement." He testified that one evening Mitchell had asked him to come to her home and that when he arrived she was passed out on the living room floor. He also presented testimony by a Department of Family Services social worker who had received abuse and neglect referrals regarding Mitchell's care of the children from J.P.E.M.'s doctor, from the WIC federal nutrition program, and from J.P.E.M.'s day-care provider.

Mitchell and her fiance testified in her behalf. Mitchell made a number of allegations against Gravely. She also testified that there is a "98 percent" likelihood that J.P.E.M., who was born in December 1989, is the son of her fiance.

Based on the evidence at the hearing, the court ordered that Gravely immediately be given primary custody of K.L.G.; that the Department of Family Services immediately initiate home studies of both Gravely's and Mitchell's homes; that Gravely's child support obligation for K.L.G. immediately cease; and that Mitchell's fiance and Gravely participate in blood testing to determine the paternity of J.P.E.M.

In July 1990, the court entered findings and conclusions based on the June hearing. The court found that Mitchell had willfully

3

and consistently attempted to frustrate or deny Gravely's exercise of visitation rights. Further, it found that Mitchell had engaged in inappropriate behavior with her fiance in front of the minor children, that she repeatedly and consistently had used abusive language with the children, that she had made repeated telephone calls to Gravely at which time she was clearly heavily intoxicated, and that she had been found lying on the living room floor unconscious at a time during which she was in full custody of the children. The court ordered that if it is established that J.P.E.M. is not Gravely's natural child, Gravely's child support obligation shall immediately cease, but that if it is established that J.P.E.M. is the natural child of Gravely, custody of J.P.E.M. shall immediately be placed in Gravely, with visitation rights to Mitchell. It ordered Mitchell to pay Gravely's reasonable attorney fees and costs.

On August 24, 1990, a second hearing was held. The report on the home studies had been filed with the court, but the blood test results had not yet been filed. The court entered an order amending its July findings and conclusions by adding findings that Mitchell had made numerous unsubstantiated complaints of abuse and neglect of K.L.G. by Gravely. It ordered Mitchell to cease and desist from making such unsubstantiated claims.

# I

Did the District Court abuse its discretion or otherwise commit reversible error in modifying the primary physical custody of the minor child K.L.G.?

Mitchell argues that the evidence in support of Gravely's allegations and the District Court's findings was neither substantial nor credible. She also asserts that the court failed to consider or otherwise adhere to statutory and regulatory requirements before changing the custody of K.L.G.

There is no question that there was substantial conflict in the testimony presented in this case, on almost every point. Clearly, the court believed the testimony presented by Gravely over that of Mitchell and her fiance. Resolution of conflicts in testimony is the function of a trier of fact. In re Marriage of Penning (1989), 238 Mont. 75, 78, 776 P.2d 1214, 1216. This applies to the testimony about Mitchell's use of profane or abusive language, her drinking, her actions with her fiance in the presence of the children, and all of her allegations against Gravely.

Modification of physical custody within a joint custody situation is proper when the change is in the best interest of the child under § 40-4-224(2), MCA. Marriage of Keil (Mont. 1990), 805 P.2d 1334, 1336, 47 St.Rep. 2142, 2143. In matters of child custody, this Court will not substitute its judgment for that of the district court unless there has been an abuse of discretion by

the district judge and there is a clear preponderance of evidence against the findings. Bier v. Sherrard (Mont. 1981), 623 P.2d 550, 551, 38 St.Rep. 158, 159. A district court need not make specific findings on each factor listed under the definition of "best interest" in § 40-4-212, MCA, but must express the "essential and determining" facts upon which its conclusions rest. Cameron v. Cameron (1982), 197 Mont. 226, 230-31, 641 P.2d 1057, 1060.

As Gravely points out, evidence as to each factor listed in § 40-4-212, MCA, was presented to the District Court. The court's findings relate primarily to subsections (c) and (g) of § 40-4-212, MCA, concerning the interaction of Mitchell with the children and Mitchell's chemical abuse.

Mitchell objects to admission of the social worker's testimony about the contents of tape-recorded phone conversations between Gravely and Mitchell. The tape recordings were given to the social worker by Gravely. The social worker testified that, based on listening to those tapes, it was her opinion that Mitchell had verbally abused K.L.G. An expert witness is entitled to testify about the basis for her opinions. Rule 703, M.R.Evid. In addition to testifying about the tape recordings, the social worker testified that Mitchell was uncooperative in arranging a home study and that she had received referrals for investigation of child abuse or neglect by Mitchell from three sources.

6

Mitchell also objects to the District Court's refusal to admit evidence about a videotape she claims Gravely took of her during their marriage. Mitchell argues that the tape showed deviate sexual conduct not known to the court at the time of dissolution of the marriage, and is therefore relevant here. The court heard Mitchell's offer of proof but rejected the testimony.

Mitchell did not offer the videotape as evidence. She did not report it at the time the parties' marriage was dissolved. She stated that Gravely had possession of the tape. He denied that such a tape existed. We conclude that the court's refusal to consider Mitchell's testimony about the tape was justified on grounds that it was irrelevant, speculative, and remote.

We hold that the District Court did not abuse its discretion or otherwise commit reversible error in modifying the physical custody of K.L.G.

II

Did the District Court abuse its discretion or otherwise commit reversible error in modifying the primary physical custody of the minor child J.P.E.M.?

Mitchell argues that there is an absence of evidence and of findings on the issue of the custody of J.P.E.M. But as Gravely points out, most of the court's findings relate to J.P.E.M. as well as to K.L.G. These findings include that Mitchell engaged in inappropriate behavior in front of the children, that she has repeated-

7

ly and consistently used abusive language with the minor children, that she has been clearly heavily intoxicated during repeated telephone calls to Gravely, and that she was found lying on the living room floor unconscious and incapable of being awakened during a time when she was in full custody of the children. All of these findings relate to behavior which would affect J.P.E.M. as much as K.L.G.

We conclude that there is sufficient evidence to support the modification of primary physical custody of J.P.E.M., should the blood tests indicate that he is Gravely's son.

## III

Did the District Court err in awarding costs and attorney fees to Gravely?

Mitchell argues that Gravely's motion for an award of costs and attorney fees should have been denied because the court failed to consider the parties' financial resources, pursuant to § 40-4-110, MCA. The court heard evidence on both Mitchell's and Gravely's employment and living arrangements at the June hearing. The court indicated that it would hold a separate later hearing on the amount of attorney fees. We hold that there was no error in the award of costs and attorney fees.

Affirmed.

/s/ J. A. Turnage
Chief Justice

8

We concur:

_John Conway Harrison_

_Karla M. Gray_

_William E Hunt_

_[signature]_
Justices