NO.   93-120

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

JOWELL J. BREKHUS,

     Petitioner and Respondent,

  and

SHARON P. BREKHUS,

     Respondent and Appellant.

**FILED**

AUG 3 1 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Lawrence LaFountain, Attorney at Law,
        Havre, Montana

     For Respondent:

        Brian Lilletvedt; Bosch, Kuhr, Dugdale,
        Martin & Kaze, Havre, Montana

Submitted on Briefs:   July 15, 1993

Decided:   August 31, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Sharon P. **Brekhus** appeals from an order of the District Court for the Twelfth Judicial District, Hill County, which modified the original dissolution decree and named Respondent **Jowell** J. Brekhus the primary residential custodian of the parties' minor child.

We affirm.

The issues on appeal are restated as follows:

1. Did the District Court err when it modified the primary physical custody of the parties' minor child?

2. Did the District Court err when it refused to grant a hearing pursuant to Sharon's motion to alter or amend the judgment establishing a modified parenting plan?

The parties' marriage was dissolved on January 7, 1991. The final decree incorporated a separation agreement providing for joint custody of the parties' three-year-old son, Timothy. Sharon was named primary physical custodian, and was given exclusive discretion to determine Timothy's primary place of residence.

Until September 5, 1991, Timothy resided with Sharon. On that date, the court granted the Hill County Department of Family Services (DFS) authority to place Timothy in **Jowell's** custody based on allegations of child abuse and neglect. A hearing on a petition for temporary investigative authority and protective services, filed by the **Hill** County Attorney on behalf of the DFS, was scheduled for October 10, 1991.

2

On October 9, 1991, Jowell filed a petition for modification of custody requesting the District Court to modify the original decree and grant him custody of Timothy, or in the alternative, to modify the joint custody parenting plan and award him primary physical custody of Timothy. Following the October 10, 1991, hearing concerning the DFS petition, the court granted temporary custody of Timothy to Jowell until Jowell's custody modification petition could be acted upon.

The hearing on Jowell's petition was held on May 18, 1992, and in the court's findings of fact and conclusions of law issued on June 4, 1992, it found that there had been a substantial change in circumstances since the original decree. The court concluded that the changed circumstances did not require termination of joint custody, but that it would be in Timothy's best interest to modify the joint custody by establishing a different parenting plan. After considering proposals from both parties, the court issued an order on November 18, 1992, modifying the original joint custody decree by naming Jowell primary residential custodian and giving Sharon specified visitation rights.

On November 30, 1992, Sharon filed a motion pursuant to Rule 59, M.R.Civ.P., in which she moved the court to alter or amend its judgment, and requested the court to set a hearing to consider evidence of circumstances which had arisen since the June 4, 1992, decision to modify custody. The court denied this motion on

3

December 29, 1992. From the order denying her motion, Sharon appeals.

I.

Did the District Court err when it modified the primary physical custody of the parties' minor child?

Sharon contends that the court improperly granted Jowell's petition for modification of custody under § 40-4-224(2), MCA, which allows for a modification of joint custody based on the child's best interest, rather than under § 40-4-219(1)(c), MCA, which requires a showing of serious endangerment to the child. She argues that § 40-4-219(1)(c), MCA, was the basis of Jowell's petition, and that he failed to meet the burden of establishing that Sharon presented a serious danger to Timothy. Sharon also contends that, under either of the statutes which allow for modification of custody, there was insufficient evidence to find that it was in Timothy's best interest to modify custody.

Contrary to Sharon's contention that the court's only options were to either terminate joint custody and award physical custody to Jowell, or to leave the original joint custody arrangement undisturbed, Jowell's petition clearly requested that he be awarded custody of Timothy, or in the alternative, primary physical custody under the existing joint custody decree. Section 40-4-224(2), MCA, requires only that there be a determination that a revision is in the best interest of the child before a parenting plan under a

4

joint custody arrangement is modified. *In re Marriage of Mitchell/Gravely* (1991), 248 Mont.. 105, 809 P.2d 582. Here, the court chose to proceed under § 40-4-224(2), MCA, and based its determination on evidence that it would be in Timothy's best interest to name Jowell primary physical custodian under the existing joint custody decree.

When reviewing custody issues, this Court will not substitute its judgment for that of the district court unless there has been an abuse of discretion and there is a clear preponderance of evidence against the court's findings. *Mitchell,* 809 P.2d at 584. A district court need not make specific findings on each factor to be considered in determining "best interest" under § 40-4-212, MCA, but must express the "essential and determining" facts upon which its conclusions rest. *In re Marriage of Cameron* (1982), 197 Mont. 226, 231, 641 P.2d 1057, 1060.

A review of the record demonstrates that the court considered the relevant factors and that its findings were supported by substantial evidence which justified the modification of primary physical custody. Accordingly, we hold that the court did not err in modifying the joint custody arrangement by transferring physical custody of Timothy from Sharon to Jowell.

II.

Did the District Court err when it refused to grant a hearing pursuant to Sharon's motion to alter or amend the judgment establishing a modified parenting plan?

5

Sharon contends that the court erred when it refused to grant her motion for an additional hearing in order to allow her to present evidence relevant to the issue of custody. By refusing this request, she asserts the court's decision rests only upon a partial record.

First, the record demonstrates that Sharon had ample opportunity prior to the May 18, 1992, hearing to prepare her case. There is nothing in the record to suggest that she was prohibited from presenting existing, relevant evidence during the hearing.

Second, in her Rule 59 motion seeking to amend or alter the November 18, 1992, judgment which established the parenting plan, Sharon claimed that the order was entered without giving her the opportunity to present evidence regarding circumstances which occurred after the order modifying the joint custody was issued on June 4, 1992. The court determined that Sharon's attempt to submit evidence of circumstances which occurred subsequent to the hearing constituted a request to modify an existing custody determination and that a Rule 59(g) motion was not the proper vehicle for doing so. The court then concluded that the allegations in Sharon's motion and affidavit failed to meet the statutory requirements for seeking a change in custody.

We agree with the District Court's determination and conclude that the court did not err when it denied Sharon's motion and refused to grant a hearing.

The judgment of the District Court is affirmed.

6

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices