No. 94-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


IN RE THE MARRIAGE OF

PAMELA ELLEN LONG, n/k/a
PAMELA ELLEN MALINIAK,

      Petitioner and Respondent,

  and

EARL ROBERT LONG,

      Respondent and Appellant.


APPEAL FROM:  District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          C. Mark Hash, Hash, O'Brien & Bartlett,
          Kalispell, Montana

      For Respondent:

          Mark R. Sullivan, Attorney at Law,
          Whitefish, Montana

Submitted on Briefs: November 3, 1994

Decided: December 6, 1994

**FILED**

Filed:

DEC 06 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On September 14, 1993, petitioner Pamela Maliniak filed a motion to modify the decree dissolving her marriage to respondent Earl Long, and a motion to have him held in contempt in the District Court for the Eleventh Judicial District in Flathead County. On March 16, 1994, based on a hearing which Earl did not attend, the court entered its order in which it found Earl in contempt of court; ordered that he pay past due child support; maintain health insurance for the children; and pay Pamela's attorney fees. Earl moved the court, pursuant to Rule 60, M.R.Civ.P., to set aside, alter, or amend the court's judgment. The District Court failed to rule on this motion within 45 days, so it was deemed denied. Earl appeals from the court's order and denial of his motion. We vacate the order of the District Court and remand for further proceedings.

We find the following issue dispositive on appeal:

Does the fact that no record was made of the March 16, 1994, hearing prohibit effective appellate review which requires reversal of the order?

FACTUAL BACKGROUND

Earl and Pamela's marriage was dissolved on April 16, 1985, in the Eleventh Judicial District Court for Flathead County. Because Earl was unemployed at the time of the dissolution, the court's findings and conclusions provided that he pay $100 per month as child support for the parties' three children. The decree also included a condition that Earl report to the court within two weeks

2

after he obtained employment so the court could reevaluate his child support obligation. In approximately December 1985, Pamela began receiving Aid for Families with Dependent Children. Therefore, Earl was required to make future payments to the Child Support Enforcement Division. Both parties remarried and Earl moved to Seattle, where, according to Pamela's affidavit, he obtained employment with Boeing, which he did not report to the court.

On September 14, 1993, Pamela moved to modify the decree to amend the support obligation pursuant to the Montana Child Support Guidelines, requested that the court find Earl in contempt for failing to abide by the dissolution decree, and requested that Earl be required to maintain health and medical insurance for the three children. Pamela's affidavit in support of her motion alleged that Earl had been employed by Boeing for at least five years preceding her motion.

Pamela's initial motion was personally served on Earl with a notice that a hearing would be held on October 12, 1993. The court did not issue a summons or order to show cause. The hearing date was extended and Pamela filed another notice that the hearing was scheduled for March 16, 1994. The notice did not include a certificate indicating it was personally served on Earl; rather, it was sent to Sally Rees, a Seattle attorney. Pamela later submitted an affidavit which stated that notice was mailed to Earl's personal address. Earl did not attend the hearing but sent a response along with financial information directly to the court. The court did

not consider Earl's information because Earl did not send a copy to Pamela's attorney.

The court held the hearing in Earl's absence. Based on the evidence presented, the court held that Earl owed $32,044 for past due child support; he must maintain health insurance for the children; the initial decree is modified to require that he pay $756 per month for child support in the future; and Earl must pay Pamela's attorney fees and costs. No record was made of this hearing.

On April 1, 1994, Earl moved the District Court pursuant to Rule 60, M.R.Civ.P., to set aside, alter, or amend the court's March 16, 1994, order. Pamela filed her objection on April 15, 1994, and the matter was argued on April 25, 1994. Earl's motion was not ruled on within 45 days so it was deemed denied as a matter of law.

## DISCUSSION

Does the fact that no record was made of the March 16, 1994, hearing prohibit effective appellate review which requires reversal of the order?

Our standard of review for findings of fact in cases where child support obligations are modified is whether the District Court abused its discretion. *In re Marriage of Barnard* (1994), 264 Mont. 103, 106, 870 P.2d 91, 93. Earl argues that, absent a record of the proceedings, he is unable to challenge the court's order. In addition, Earl claims that this Court is unable to effectively review the evidence upon which the court's modification order is

4

based. Pamela responds that a transcript is not required because the District Court had uncontroverted evidence that Earl failed to notify the court of his employment. Pamela relies on a portion of the transcript from the hearing to consider Earl's Rule 60, M.R.Civ.P., motion. Earl's attorney asked the court what evidence it relied on in support of its findings. The court responded, "Undoubtedly it was from a non-contested representation by the petitioner."

In *Malley v. Malley* (1980), 190 Mont. 141, 619 P.2d 531, we vacated a district court's order because no transcript was made of the hearings. In *Malley*, a petition for dissolution was filed and two hearings were held. The husband appeared *pro se* and, on appeal, sought to challenge the court's property distribution decree. The wife moved to dismiss his appeal because he failed to cite evidence in support of his appeal. We denied the motion because no record was made of the proceedings below. "We should not have to remind a successful party to litigation in District Court, that the judgment obtained is placed in jeopardy where there is no record of the proceedings." *Malley*, 619 P.2d at 532.

In *Malley*, we could not effectively review the husband's contentions without a trial record. In *Matter of Geary* (1977), 172 Mont. 204, 207, 562 P.2d 821, 823, we noted the necessity of a trial record:

> Without a transcript, this Court is placed in the position of attempting to reconstruct a record on appeal. Such a task being often impossible and unnecessary, the

5

right to appeal becomes illusory, a right without substance.

We have previously reversed a contested custody decision because the hearing was not recorded. *In re Guardianship of Gullette* (1977), 173 Mont. 132, 566 P.2d 396, *overruled on other grounds by McDowell v. McDowell* (1994), 263 Mont. 252, 868 P.2d 1250. In *Gullette*, we noted that district courts are, by statute, courts of record, which implies that a record will be made of the proceedings. *See* § 3-1-102, MCA; *Gullette*, 566 P.2d at 397.

No record was made of the hearing which served as the basis for the District Court's order. The District Court file does not indicate why a court reporter was not present. Nonetheless, because no record was made, Earl is denied effective appellate review. The court modified Earl's support obligation but we cannot determine if its modification was properly based on the Montana Child Support Guidelines or what change in circumstances justified modification. *See* § 40-4-208(2)(b)(i), MCA. Because there is no record for us to review, the District Court's order is vacated and this case is remanded for a hearing on the merits of Pamela's motion. Because we reverse and remand on this basis, we do not address the merits of the other issues raised on appeal.

_____
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7