No. 87-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
FRANK L. NEISS,

             Petitioner and Appellant,
    and

DARLENE M. NEISS,

             Respondent and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael M. Morse, Billings, Montana

    For Respondent:

        Whalen & Whalen; Timothy J. Whalen, Billings, Montana

Submitted on Briefs: July 14, 1987

Decided:  October 6, 1987

Filed:  OCT 6 - 1987

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Frank L. Neiss appeals an order of the Thirteenth Judicial District, Yellowstone County, finding Frank and Darlene Neiss' agreement to modify child support in violation of public policy and thereby null and void. We affirm.

Appellant Frank Neiss raises one issue for our review:

Did the District Court abuse its discretion when it declared the parties' agreement for modification of child support to be null and void?

Frank and Darlene Neiss were married in Cody, Wyoming, on August 30, 1968. Two children were born of the marriage: Patrick on July 1, 1971 and Camile on August 31, 1973. Frank subsequently petitioned for divorce. On January 15, 1976 a decree of dissolution was entered which provided that custody of the children be awarded to Darlene. Frank Neiss was ordered to pay $150 in child support per month for each child and $200 per month for maintenance. On January 3, 1978, the original decree was modified and Frank was ordered to pay $125 per month for each child and $100 per month in maintenance. Frank's obligation of $100 per month in maintenance expired in January, 1986.

On August 16, 1984, Frank and Darlene Neiss entered an agreement entitled "Agreement for Modification of Entry on Decree" (hereinafter agreement to modify). Both parties were represented by counsel. The agreement to modify required that Frank make quarterly installment payments totaling $12,000 on or before November 1, 1985. In return Darlene would release Frank from further obligations of child support and maintenance.

At trial, Frank Neiss testified that he faced great financial problems due to poor crop prices and farm drought.

Neiss stated that he had difficulty finding non-farm work and that he was unable to meet his child support obligations.

When the parties entered the agreement to modify, Frank was $3,500 in arrears in child support and maintenance payments. Darlene testified that the agreement, if enforced, would release Frank of $9,000 in future child support. Darlene also testified that she entered the agreement because Frank was behind in his payments and that she had experienced difficulty collecting payments from Frank.

On May 9, 1986, Darlene petitioned the District Court to declare the entire agreement null and void. Darlene alleged that Frank was thirty days late on his final payment of $3,500. Pursuant to the agreement, Darlene exercised her right to declare the agreement null and void. The District Court found the agreement null and void as a violation of public policy. The court did not address Darlene's claim that Frank violated the terms of the agreement.

In determining whether the agreement to modify is valid, the District Court is governed by § 40-4-208, MCA, which provides:

> Modification and termination of provisions for maintenance, support and property disposition. (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of motion for modification.
>
> . . .
>
> (2)(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

> (i) upon a showing of <u>changed circum-</u>
> <u>stances</u> <u>so</u> <u>substantial</u> <u>and</u> <u>continuing</u> <u>as</u>
> <u>to</u> <u>make</u> <u>the</u> <u>terms</u> <u>unconscionable;</u> or
>
> (ii) <u>upon</u> <u>written</u> <u>consent</u> <u>of</u> <u>the</u> <u>par-</u>
> <u>ties</u>. [Emphasis added.]

Appellant Frank Neiss contends the District Court abused its discretion when it concluded the agreement to modify was null and void as a violation of public policy. Frank argues that both parties were represented by counsel and relied on the terms of the agreement. Frank also contends § 40-4-208(2)(b)(ii), MCA, permits parents to modify child support decrees.

When determining the amount of child support to be paid by a noncustodial parent, the district court must act in the best interests of the child. Sections 40-4-201 through 40-4-225, MCA. It follows that the court is not bound by the parties' agreements where the welfare of the children are concerned. Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 769, 38 St.Rep. 927, 931. It is the children, not the parents, who are beneficiaries of child support decrees. In re Marriage of Cook (Mont. 1986), 725 P.2d 562, 567, 43 St.Rep. 1731, 1737.

The District Court found that at the time the parties agreed to modify, appellant was $3,500 in arrears in child support and maintenance. The court also found that had the agreement been enforced, appellant would have been relieved of $9,000 in future child support payments. Appellant Frank Neiss does not dispute these findings. Additionally, respondent Darlene Neiss testified that she entered the agreement because she desperately needed money to pay for the children's expenses.

In matters relating to children, the best interests of the children control. While terms of a contract may be

4

introduced as evidence, the custody and support of children are never left to contract between the parties. In re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 500, 41 St.Rep. 2419.

Frank argues that he relied on the agreement to modify, therefore, equitable estoppel requires that it be enforced. Equitable estoppel must be found by the trial court upon clear and compelling evidence to override the provisions of § 40-4-208, MCA. In Re Marriage of Cook (Mont. 1986), 725 P.2d at 566, 43 St.Rep. at 1737, 1738. We agree with the District Court that appellant has not shown sufficient evidence of reliance to warrant application of the doctrine. Frank's payments of $12,000 was nearly equal to the amount owed during the period covered by the agreement. Therefore, the District Court properly dismissed his claim of detrimental reliance.

We hold the District Court correctly found that Frank Neiss failed to carry his burden of proof needed to apply equitable estoppel. We note that both parties face difficult financial problems. However, the children are not to be denied support by extra-judicial agreements. These agreements may please the parents, but ignore the children's need for support. Section 40-4-208, MCA. See, Napoleon v. Napoleon (Hawaii 1978), 585 P.2d 1270, 1273.

The judgment of the District Court is affirmed.

_____
Chief Justice

5

We concur:

_John Conway Harrison_

_[signature]_

_R. C. [signature]_

_William [signature]_
Justices