No. 89-057

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
MARSHA LYNN MAGER,

        Petitioner and Respondent,

  and

JAY FRANKLIN MAGER,

        Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        McKinley Anderson, Bozeman, Montana

    For Respondent:

        Michael Lilly; Berg, Lilly, Stokes, Andriolo, Tollefsen,
        & Schraudner, Bozeman, Montana

Submitted on Briefs: Nov. 21, 1989

Decided: January 11, 1990

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

After a hearing, the District Court for the Eighteenth Judicial District, Gallatin County, awarded the mother sole custody of the minor children of the marriage and ordered the marital property remaining in wife's possession sold to pay marital debts with any excess to go to her for back child support. The husband appeals. We affirm.

The issues presented on appeal are:

1. Did the District Court err in not following the oral stipulations between the parties regarding child custody?

2. Did the District Court err in awarding the proceeds of the sale of the marital assets to respondent for back child support?

3. Did the District Court err in its determination of net worth of the parties?

The parties were married on December 10, 1971. Neither party contributed any real or personal property of value to the marriage. They had two children. During the marriage, Mrs. Mager (respondent) worked as a full-time housewife and mother and also held various jobs.

In 1983, the couple operated a business known as "Airline Cable". In June, 1983, they were required to file Chapter 11 bankruptcy with a total debt of $105,000. The District Court found they had a total of $83,000 in property.

In 1985, the parties separated. Mr. Mager (appellant) left the family, leaving respondent to operate the business and care for the children. After he left, appellant rarely saw his children and provided no support for the children, respondent or the business. Without the aid of appellant, respondent completed the Chapter 11 bankruptcy and all of the $105,000 debt was either paid in full or discharged in bankruptcy. However, the District Court determined that $24,778.64 in marital debt remained and $56,915 in property remained that respondent had not yet liquidated.

At the time of the proceedings in the District Court, appellant was employed as a machine operator in Vancouver, Washington with an annual taxable income between $18,000 and $25,000. He was unmarried and his work required him to spend long days away from home. Respondent remarried and her husband has a good relationship with her children. Respondent submitted monthly expenses of $1,136.

I

Did the District Court err in not following the oral stipulations between the parties regarding child custody?

At the beginning of the hearing before the District Court, the parties stipulated to the granting of joint custody. However, in its conclusion, the District Court awarded sole custody of the children to respondent. Appellant contends that oral stipulations regarding custody are binding, thus it was error for the District Court to disregard the agreement. We disagree.

As respondent correctly notes, this issue is addressed

directly by statute. It is mandatory that the district court determine custody according to the best interests of the child. In its determination, the district court must consider at least the following factors:

1. the wishes of the child's parent or parents as to his custody;

2. the wishes of the child as to his custodian;

3. the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

4. the child's adjustment to his home, school, and community;

5. the mental and physical health of all individuals involved;

6. physical abuse or threat of physical abuse by one parent against the other parent or the child; and

7. chemical dependency, as defined in §53-24-103, or chemical abuse on the part of either parent. See §40-4-212, MCA. Section 40-4-201(2), MCA, provides that separation agreements providing for support, custody and visitation of children are not binding. Although the case before us deals with an in-court stipulation rather than a separation agreement, the difference is meaningless. Parties cannot make binding agreements, oral or written, as to support, custody or visitation of children. The best interests of the children are paramount. As we said in Marriage of Neiss (1987), 228 Mont. 479, 743 P.2d 1022, "it is the

4

children, not the parents, who are beneficiaries of child support decrees", and "the custody and support of children are never left to contract between the parties." The record reveals that the District Court properly considered the children's best interests. We hold the District Court did not err in refusing to follow the oral stipulations between the parties regarding child custody.

II

Did the District Court err in awarding the proceeds of the sale of the marital assets to respondent for back child support?

Appellant maintains it was error for the District Court to award all the marital assets to the wife as back child support and that the court was without jurisdiction to do so. He also contends that after the sale of the property, there was an excess over and above the marital debt that should have been divided between the parties.

Respondent contends that the divorce decree specifically stated that upon becoming employed, appellant would be responsible for child support, and that when he did become employed he did not pay such support. She urges that there is no evidence of excess over marital debt and that because a final accounting had not yet been filed, it would have been impossible to arrive at the figures appellant relies on. We agree. We also note that at the hearing on this matter, appellant specifically stated that he had no objection to allowing any excess equity to be used as past due child support. A district court will not be held in error for a procedure in which the appellant acquiesced at trial and to which

he had not objected. In re Marriage of West (Mont. 1988), 758 P.2d 282, 285, 45 St.Rep. 1281, 1283. Furthermore, the record before us on appeal reveals that the District Court properly considered §40-4-204, MCA, in its award of past due child support. We hold the District Court did not err in awarding the proceeds of the sale of the marital assets to respondent for back child support.

## III

Did the District Court err in its determination of net worth of the parties?

Appellant maintains that because the District Court made no findings as to the value of respondent's personal property, its determination of the net worth of the parties was in error. He contends that respondent had a car, jewelry and furniture which the court failed to include in its determination of net worth. Appellant relies on Marriage of Dirnberger (Mont. 1989), 773 P.2d 330, 46 St.Rep. 898, in which we held that the trial court was required to make findings of fact on liabilities of the parties and on the husband's personal property before dividing the marital property.

In Dirnberger, appellant alleged before the trial court that the items of personal property were of substantial value. The case before us is distinguishable, as respondent urges. Appellant did not allege the car, jewelry and furniture were of substantial value, nor did he raise this issue before the District Court. This Court will not address on appeal an issue not presented to the District Court. Sperry v. Montana State Univ. (Mont. 1989), 778

6

P.2d 895, 46 St.Rep. 1482. Furthermore, respondent's testimony reflects that the personal property in question was either sold off or refinanced after the divorce. We hold the District Court did not err in its determination of the net worth of the parties.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices