No. 92-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
SHANNON K. HEBERT,

      Petitioner and Appellant,

and

THOMAS P. HEBERT,

      Respondent and Respondent.

**FILED**

**OCT 29 1992**

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Michael V. Sinclair, Coil & Sinclair, Bozeman, Montana

      For Respondent:

          Mark L. Guenther, Nash, Guenther, Zimmer & Screnar, Bozeman, Montana

Submitted on Briefs: August 20, 1992

Decided: October 29, 1992

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the Eighteenth Judicial District, Gallatin County, from an order denying attorney's fees to the petitioner. We affirm.

There is a sole issue on appeal:

(1) Whether the District Court erred in denying appellant's requests for attorney's fees.

This action is predicated upon petitioner/appellant's (petitioner) motion to modify child support and enforce the dissolution decree. The decree was issued on June 20, 1984 and incorporated within the decree was Mr. and Mrs. Hebert's Marriage and Property Settlement Agreement. In the agreement, respondent was to pay $200 for child support and one-half of their minor son's medical expenses which were not covered by petitioner's health insurance. Respondent was also supposed to provide petitioner with a washer and dryer in good condition. A later amendment to the decree provided that the cost of transporting the child for summer visitation was to be shared equally by the parties.

Petitioner filed a petition to modify child support, collect arrearages for child support and medical expenses, and for delivery of a washer and dryer. In respondent's answer, he stated that there was not a sufficient increase in his financial resources to warrant a modification in child support. He also stated that the petitioner did not provide him with adequate information to allow him to determine his share of the medical expenses. He further contended that he did provide a washer and dryer to petitioner.

2

Finally, he alleged that the petitioner owed him one-half the cost of visitation travel expenses.

A hearing was held on the petition. At the conclusion of the hearing the judge requested proposed findings of fact, conclusions of law and an order from both parties.

Pursuant thereto petitioner proposed that the respondent pay $646 per month in child support, $553.14 in overdue medical expenses, child support arrearages and that he deliver a washer and dryer in good condition. She also proposed that the respondent pay attorney's fees for each party.

Respondent proposed in his order that he should indeed pay an increase in child support and he calculated the payment due to be $350 per month. He stated that the issues of medical expenses and child support arrearages, as well as visitation travel expenses had been resolved. He also contended that the washer and dryer had been previously delivered. Finally, he contended that neither party was the "prevailing party" so each should pay his/her own attorney's fees.

In the court's Findings of Fact, Conclusions of Law and, Order issued on March 5, 1992, it concluded that petitioner should receive child support in the amount of $416.91 per month and an extra $75 per month until the arrearages were paid. Respondent was also ordered to pay $553.13 in medical expenses previously due. The court ordered each party to pay their own attorney's fees.

The petitioner filed a motion to amend the judgment concerning attorney's fees on March 16, 1992. Petitioner's motion was based

3

on a provision in the parties' marital and property settlement agreement which had been incorporated into the dissolution decree. This provision stated:

> In the event that either party shall institute legal proceedings to enforce, modify or interpret any provision of this agreement, the Court shall award, in addition to any other appropriate relief, a reasonable attorney's fee to the prevailing party.

The motion was heard and an order denying petitioner's attorney's fees was issued. The court denied the motion because of its conclusion that there was no prevailing party in the action.

The petitioner argued that she was the prevailing party because her request for increased child support and for payment of medical expense arrearages had been granted. The District Court, however, concluded that the respondent prevailed on the child support increase issue because he had agreed to an increase of $350 and the petitioner had calculated an increase to $646 per month. The judge noted that the final child support order to pay $416.91 was only $66.91 above respondent's calculation of $350 but $229.09 below the petitioner's calculation.

The court also concluded that petitioner had prevailed on the medical expenses arrearages and the visitation travel expenses issues. Respondent prevailed on the child support issue and also the washer and dryer issue. Respondent had presented proof that he had previously delivered a washer and dryer to the petitioner but she sold them. The court also concluded that because each party had "won" on two issues, there was no "prevailing party" and each party should pay their own attorney's fees and costs.

4

Post-trial motions will be reviewed for abuse of discretion. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 604.

Several previous cases have served to clarify the term "prevailing party." E.C.A. Environ. Management v. Toenyes (1984), 208 Mont. 336, 345, 679 P.2d 213, 217-218, states that "[n]o one factor should be considered in determining the prevailing party for the purpose of attorney fees. The party that is awarded a money judgment in a lawsuit is not necessarily the successful or prevailing party." In the present case, even though petitioner received a "money judgment", she is not necessarily the prevailing party.

In Lauderdale v. Grauman (1986), 223 Mont. 357, 359, 725 P.2d 1199, 1200, we stated, "[T]here are cases where, at the close of all litigation, there is no actual 'prevailing party.' [T]here is no prevailing party where both parties gain a victory but also suffer a loss." In the present case, the District Court did not abuse its discretion in concluding that there was no "prevailing party" and that each party shall pay his/her own costs. AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

5

_William E. Hunter_

_[signature]_

Justices