CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Laurie April Wang (Laurie) appeals the decision of the Thirteenth Judicial District Court, Yellowstone County, appointing Michael W. Wang (Michael) primary residential custodian of their son Jesse. We affirm.
We find the following issues dispositive:
1. Did the District Court err in failing to address Michael’s religious beliefs and the effect those beliefs would have on Jesse when it determined what was in Jesse’s best interest?
2. Did the District Court err in determining that Laurie had previously denied Michael’s access to visitation?
Michael and Laurie were married in 1989, and had one child, Jesse, who was born in 1990. In 1993 the couple separated and Michael filed for divorce. While Michael and Laurie agreed that joint custody would be in Jesse’s best interest, they disagreed as to who should be the primary residential custodian. Both requested custody of Jesse during the school year, with the other having Jesse during the summers and alternating holidays.
Social workers conducted home evaluations of Michael and Laurie and concluded that both were suitable to be primary caretakers of Jesse. The District Court held a hearing in which Michael and Laurie presented evidence and arguments to support their respective positions. Laurie presented testimony that Michael was a member of the Cornerstone Community Church. She argued that the practices of this church, including the performance of exorcisms and the belief that a wife should be subservient to her husband, would be harmful to Jesse.
Following the hearing, the District Court issued its findings of fact, conclusions of law and order. The court granted Michael physical custody of Jesse during the school year. Laurie was granted physical custody of Jesse during the summer and alternating holidays. Laurie appeals the decision of the District Court.
*293 Issue 1
Did the District Court err in failing to address Michael’s religious beliefs and the effect those beliefs would have on Jesse when it determined what was in Jesse’s best interest?
Laurie argues that the District Court should have made specific findings in relationship to Michael’s involvement with the Cornerstone Community Church and how this involvement affected the best interest of Jesse. We disagree.
In Lorenz v. Lorenz (1990), 242 Mont. 62, 788 P.2d 328, we stated, a district court need not make specific findings on each statutory factor in determining best interest of children under § 40-4-212, MCA, but need only express the ‘essential and determining’ facts upon which it rests its conclusion.
Lorenz, 788 P.2d at 332 (citing Cameron v. Cameron (1982), 197 Mont. 226, 230-31, 641 P.2d 1057, 1060).
It is true that the District Court did not make specific findings addressing Laurie’s allegations concerning Michael’s religious beliefs. However, the court likewise did not make specific findings concerning Michael’s allegations that reflected poorly on Laurie’s parenting abilities.
The court set forth the factors to be considered under § 40-4-212, MCA. Then, rather than making specific findings concerning each and every allegation raised by Michael and Laurie, the court summarized its observations of the evidence presented as follows:
There is no adequate evidence of physical, emotional, sexual, drug or alcohol abuse against either party. Both parties have provided care for Jesse and appear to be fit and proper custodians under the statutory joint custody provisions.
Jesse has been cared for by both parents at different times. The Father has been a primary caretaker of Jesse from the time of birth as well as during portions of these proceedings and no adequate challenge to his ability to do so has been made by the Mother or any other witness at the hearing.
The District Court heard Laurie’s allegations concerning Michael’s religious practices. Applying the statutory factors, the court found that there were no adequate challenges to Michael’s ability to care for Jesse. The court set forth the essential and determining facts upon *294 which it based its conclusion. It is not bound to make a specific finding regarding every allegation by a party.
In Frazier v. Frazier (1984), 208 Mont. 150, 676 P.2d 217, the district court failed to make specific findings as to why it accepted one party’s property valuation rather than that of the other party. This Court stated:
It is not the lack of specific findings which constitutes reversible error, but the lack of substantial evidence to support the judgment. We look both to the District Court’s express reasoning and the evidence in the record to determine whether ample evidence exists.
Frazier, 676 P.2d at 219-20.
A review of the entire record, not merely Laurie’s allegations concerning Michael’s religious beliefs, reveals that the District Court’s findings were supported by substantial credible evidence. While both parties presented testimony that reflected negatively on the other’s parenting abilities, independent home evaluations found both Laurie and Michael to be suitable parents.
Sarah Seiler, the court-appointed social worker, performed a home evaluation of Michael. Seiler questioned Ken McCallum, the pastor of the Cornerstone Community Church. Seiler also made several home visits and observed Michael’s interaction with Jesse. Following her evaluation, she determined that there were no “bizarre activities going on” at the Cornerstone Community Church but rather it was merely a fundamentalist church. Seiler concluded that Michael was a suitable residential custodian for Jesse.
After a thorough review of the record, we conclude that the court did not err in its application of § 40-4-212, MCA, and that there is substantial credible evidence to support its findings.
Issue 2
Did the District Court err in determining that Laurie had previously denied Michael’s access to visitation?
In addition to the factors set out in § 40-4-212, MCA, a district court should consider which parent is more likely to allow frequent and continuing visitation when deciding custody matters. In re the Marriage of Converse (1992), 252 Mont. 67, 826 P.2d 937. The District Court stated, in its findings of fact,
[t]he Father also shows a greater ability to cooperate in his parental role, particularly as it relates to his ability to allow Jesse frequent and continuing contact with his Mother. The Mother’s previous demands upon Father regarding visitation has had the *295 effect of denying visitation to Father and does not speak to her ability to cooperate as primary custodian.
The evidence presented at trial supports the court’s finding.
During cross-examination of Laurie, the following exchange took place regarding restrictions place on Michael’s visitation:
Q. Another restriction that you imposed is that he be away from work and spend time with Jesse if he was to have visitation?
A. I did. I thought if he was going to spend time with him, that that would be best for Jesse, but I didn’t want to be unreasonable.
Q. You were working while you had Jesse?
A. Yes.
Q. But imposed a condition of visitation that he not work; isn’t that right?
A. I guess I probably did. Maybe that wasn’t the best idea in the world. That is what I did, but the reason I thought that, he had only a month with him. I don’t know that I would have been so mean to hold him to it or anything like that.
The record evidences other restrictions imposed by Laurie on Michael’s visitation rights, including that he have nothing to do with the Cornerstone Community Church.
We conclude that there was substantial credible evidence to support the District Court’s finding that Laurie placed restrictions on Michael’s visitation rights during the separation. We affirm the decision of the District Court.
JUSTICES GRAY, TRIEWEILER and NELSON concur.