No. 96-082

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF
KATHRYN A. WIDHALM, n/k/a
KATHRYN A. MILLER,

      Petitioner/Appellant and
      Cross-Respondent,

   and

BERNARD J. WIDHALM,

      Respondent/Respondent and
      Cross-Appellant.



FILED

NOV 07 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Robert P. Goff, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Dennis P. Clarke, Smith, Walsh, Clarke & Gregoire,
          Great Falls, Montana

      For Respondent:

          Michael S. Smartt, Big Sky Law Center, Great Falls,
          Montana

Submitted on Briefs: September 12, 1996

Decided: November 7, 1996

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant Kathryn A. Miller (Kitty) and Cross-Appellant Bernard J. Widhalm (Bernard) appeal the decision of the Eighth Judicial District Court, Cascade County, determining the parties' respective child support obligations.

Affirmed with instructions.

## ISSUES

Kitty raises two issues on appeal:

1. Did the District Court err in concluding that Kitty had a retroactive child support obligation regarding the two younger daughters, who live with Bernard?

2. Did the District Court err by refusing to award Kitty attorney's fees and costs in this action?

Bernard raises two additional issues on appeal:

3. Did the District Court err by refusing to construe certain payments Bernard makes to Kitty as income to be considered when determining Kitty's child support obligation?

4. Did the District Court err by imputing nearly $25,000 in income to Bernard for the year 1990 when determining his child support obligation?

## FACTS

Kitty and Bernard were divorced in 1983. They have three daughters who, at the time of the hearing, were eighteen, fifteen, and eleven. At the time of their divorce, the parties entered into a settlement agreement which addressed the issues of custody and child support. The settlement agreement provided that Kitty and

2

Bernard would have joint custody of the girls, with Bernard having physical custody during the school year and Kitty having physical custody during the summers. The parties made this arrangement anticipating that Kitty would be attending college and nurse's training. The parties also agreed that neither would pay child support to the other, but that each would be responsible for all costs incurred by the children during the time he or she had physical custody of them.

As anticipated, Kitty enrolled in and completed college and nurse's training. In 1986, she began working as a nurse in Great Falls. The children continued to reside with Bernard during the school year and with Kitty during the summer. In 1987, the parties oldest daughter moved in with Kitty permanently, while the younger two remained with Bernard. In 1990, Bernard moved the District Court to modify the divorce decree and determine the child support obligations of both parties.

*STANDARD OF REVIEW*

In child support modification cases, this Court will review a district court's findings of fact to determine whether they are clearly erroneous. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 863 (citing In re Marriage of Hill (1994), 265 Mont. 52, 874 P.2d 705). We will review a district court's conclusions of law to determine whether the interpretation of the law was correct. Kovash, 893 P.2d at 863 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 870 P.2d 91). We will review a district court's overall decision regarding modification of child

3

support to determine whether the court abused its discretion. Kovash, 893 P.2d at 863.

Both Kitty and Bernard extensively discuss the settlement agreement created at the time of their divorce. Bernard construes the settlement agreement one way, Kitty construes it another, and both base their allegations of error, at least in part, on the District Court's "misinterpretation" of that document. Such a discussion is largely beside the point.

Separation or settlement agreements providing for support, custody or visitation of children are not binding upon the District Court. Section 40-4-201(2), MCA. Because it is the children, and not the parents, who are beneficiaries of child support decrees, the custody and support of children are never left to contract between the parties. In re Marriage of Mager (1990), 241 Mont. 78, 80-81, 785 P.2d 198, 200 (quoting In re Marriage of Neiss (1987), 228 Mont. 479, 481-82, 743 P.2d 1022, 1024). In matters relating to children, the best interests of the children are paramount. Mager, 785 P.2d at 200; Neiss, 743 P.2d at 1024. Therefore, the fact that the District Court disregarded or modified the settlement agreement's child support provisions is not, in and of itself, error. Rather, we will review the District Court's decision for an abuse of discretion, keeping in mind the best interests of the children.

## DISCUSSION

1. Did the District Court err in concluding that Kitty had a retroactive child support obligation regarding the two younger daughters, who live with Bernard?

4

Kitty asserts that the District Court erred in finding that her responsibility to support the children began in 1986, when she finished her education, moved to Great Falls, and obtained employment as a nurse. She points out that Bernard did not move for a determination of child support until 1990, and that the law generally will not allow the imposition of a retroactive child support obligation.

Section 40-4-208(1), MCA, provides that the provisions of a decree which concern child support may be modified by a court only as to installments accruing subsequent to actual notice to the parties of the motion for modification. This statutory provision should be strictly construed. In re Marriage of Petranek (1992), 255 Mont. 458, 460, 843 P.2d 784, 786.

This Court has carved out an equitable exception to this statutory rule in cases where the parties have orally agreed to modify an existing child support order, and have relied on that oral modification. See, for example, In re Marriage of Jensen (1986), 223 Mont. 434, 727 P.2d 512. But Bernard cannot and does not argue that such an oral modification was made in this case. Nor did the District Court articulate any rationale supporting its determination that Kitty's child support obligation should be retroactive. While the District Court properly made Kitty responsible for some measure of child support, a retroactive child support obligation cannot be imposed in the face of a clear statutory mandate to the contrary and without any justification which might serve to override that mandate. Therefore, while we

5

affirm the District Court's determination that Kitty has an obligation to contribute to the support of her children, we hold that the obligation may only be imposed as of the date she received actual notice of Bernard's motion to determine the issue of child support.

2. Did the District Court err by refusing to award Kitty attorney's fees and costs in this action?

Kitty argues that the District Court erred by refusing to award her attorney's fees and costs. She bases this allegation of error on a provision in the settlement agreement which provided that Bernard "agrees to pay [Kitty] all attorney's fees and costs incurred in modifying the Decree of Dissolution or the [settlement] agreement in the event there is a change of custody and a support amount required." She contends that this provision clearly entitles her to recover her fees and costs. We disagree.

The settlement agreement provided for payment of attorney fees "in the event there is a change of custody." The only change in custody in this case occurred when the oldest daughter moved in with her mother in 1987, nearly ten years ago. This change of custody was accomplished by mutual agreement of the parties and apparently did not engender any attorney's fees. The fees in this case arose when Kitty answered Bernard's motion and elected to file a cross-motion of her own. Kitty and Bernard earn roughly the same income yearly, and neither is in a better position than the other to pay attorney's fees. Under these circumstances, it was not an abuse of discretion for the District Court to order each party to

6

pay his or her own fees and costs, and, therefore, we affirm the District Court on this issue.

3. Did the District Court err by refusing to construe certain payments Bernard makes to Kitty as income to be considered when determining Kitty's child support obligation?

Bernard and Kitty lived and worked on Bernard's family ranch while they were married. When they divorced, they agreed that Kitty would receive a cash payment of $70,000 in lieu of her interest in the ranching operation. They also agreed that this property settlement would be disbursed by three yearly payments of $10,000 each, followed by eight yearly payments of $5,000 each. Under this schedule, Kitty is still receiving yearly payments from Bernard for her share of the marital estate.

In determining Kitty's income for purposes of allocating her child support obligation, the District Court refused to include these cash payments. Bernard contends that this exclusion was erroneous and that the payments he makes to Kitty should be included when determining her income. Specifically, he contends that "[i]t is unjust and inappropriate that Kitty is allowed to spend those funds free and clear of her child support obligation." We disagree.

The payments Kitty receives from Bernard represent her portion of the marital estate. Had she received her property via a single payment at the time of the divorce, such payment would not be considered newly-generated income to her; it would be, and is, merely her share of an existing asset. But instead of demanding a single payout, Kitty allowed Bernard to make several payments over

7

time, apparently in consideration of his inability to raise such a large sum all at once. We fail to see how such an arrangement would convert her interest in a pre-existing asset into new income.

Bernard makes much of his contention that none of the money "given" to Kitty has apparently been spent on the children. But how Kitty chooses to spend her money is her business, regardless of whether the money comes from her property settlement or her wages or some other source. So long as Kitty meets her obligations regarding the children's welfare she is free to manage her finances as she chooses.

Bernard invites this Court to create a new obligation by which an individual who retains property pursuant to a divorce is required to expend that property on his or her children. We decline to do so. Just as Bernard is entitled to manage the property he retained after the divorce as he sees fit, Kitty is likewise entitled to do the same. The fact that she is receiving her property over time instead of all at once does not create some new and greater obligation on her part to the children, nor does it serve to convert her share of the marital property into newly-acquired income.

4. Did the District Court err by imputing nearly $25,000 in income to Bernard for the year 1990 when determining his child support obligation?

Bernard also asserts that the District Court erred by imputing nearly $25,000 in income to him for the year 1990 when calculating his child support obligation. This allegation is entirely without merit.

8

In imputing the income in question, the District Court found that

> many of [Bernard's] expenses, which were generally level prior to 1990, increased sharply in 1990. [Bernard] offered no credible explanation for these sudden increases in his expenses. Further, [Bernard's] farming operation had its second highest gross income of all the periods considered in 1990, yet showed its lowest net income of these same periods.

In 1990, Bernard reported just $8,621 as adjusted gross income on his tax return, as compared to a declared income of $32,127.58 in 1989. Bernard attempted to explain this sharp decrease by presenting evidence of numerous increased expenses. For example, he claimed that his fuel expenses increased by 70% and that his interest expenses nearly doubled. He also claimed that his rent expense increased six-fold in that same one year period and that, on his $8,621 income, he supported a family of six. The District Court was not persuaded by such evidence, and neither are we. Suffice it to say that the record before us does not indicate that the District Court abused its discretion in deciding this issue.

As noted above, the record in this case does not support the imposition of a retroactive child support obligation on Kitty. Her child support obligation properly began when she received actual notice of Bernard's motion to determine child support. Section 40-4-208(1), MCA. In all other respects, the order of the District Court is affirmed.

_William E. Hunt_
Justice

9

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

10

November 7, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Dennis P. Clarke, Esq.
Smith, Walsh, Clarke & Gregoire
P.O. Box 2227
Great Falls, MT 59403-2227

Michael S. Smartt
Big Sky Law Center
P.O. Box 2323
Great Falls, MT 59403-2323

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *J. Gallagher*
Deputy