No. 99-536

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 250N

IN RE THE MARRIAGE OF:

LOIS LAKE, n/k/a McELRAVY,

Petitioner and Appellant,

and

F. ALAN LAKE,

Respondent and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

K. Dale Schwanke, Jardine, Stephenson, Blewett & Weaver, P.C.,

Great Falls, Montana

For Respondent:

F. Alan Lake, Pro Se, Belt, Montana

Submitted on Briefs: May 4, 2000
Decided: September 14, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Lois McElravy appeals from a postdissolution order entered by the Eighth Judicial District Court, Cascade County. We affirm the order of the District Court.

¶3 Lois raises three issues on appeal:

¶4 1. Did the District Court err in concluding that certain default remedies under the parties' stipulation could not be invoked?

¶5 2. Did the District Court err in not awarding Lois increased child support retroactive to January 1996?

¶6 3. Did the District Court err in not awarding Lois attorney fees and costs?

## BACKGROUND

¶7 The marriage of Petitioner, Lois Lake n/k/a McElravy (Lois) and Respondent, F. Alan Lake (Alan) was dissolved on April 12, 1989. The dissolution decree incorporated a child support and property settlement agreement which was entered into by both parties. Pursuant to the agreement, the court awarded Lois custody of their two children, and ordered Alan to pay $203 per month, per child in child support, granted Alan reasonable visitation rights, and allowed Alan to claim his daughter as a tax exemption if he kept his child support payments current.

¶8 Alan agreed to maintain health insurance for the children, and pay all reasonable

medical, dental, hospital, and other healthcare expenses not covered by insurance. Alan also agreed to assume and pay a joint Visa credit card debt, and indemnify and hold Lois harmless against any collection of such debt. The agreement stated that attorney fees and costs would be awarded to the successful party for any defense or enforcement of the agreement.

¶9 Contrary to the agreement, Alan failed to pay all of the uncovered medical expenses of his children. As a result, Lois offered to pay healthcare expenses not covered by insurance if Alan would reimburse her for one-half of those expenses. Though both parties agreed with the changes, no formal amendment was filed with the District Court. Subsequently, Alan failed to pay any of his one-half share of the healthcare expenses.

¶10 On March 15, 1995, Alan filed a motion to modify child support on the grounds that he had been laid off his job and had not been able to replace his wages. The parties, represented by counsel, then negotiated an agreement settling various disputes. This agreement was formalized in the Stipulation to Modify Child Support and the Property Settlement Agreement, and Decree of Dissolution, filed with the District Court on January 4, 1996. Subsequently, on January 16, 1996, the District Court approved the parties' stipulation and entered an Order Modifying Decree.

¶11 Pursuant to the stipulation, Alan agreed to pay Lois $200 per month in child support plus a $75 per month stipend in lieu of providing health insurance coverage and paying for any uncovered health-related costs for the children. The monthly payments were to be made through the clerk of court. Any major medical and dental expenses, other than of a routine nature, were to be shared by both parties. The parties agreed that Alan would not have to reimburse Lois for the $1458.79 in medical expenses owed under the previous agreement if Alan timely paid child support and the healthcare stipend. The stipulation further provides that if Alan defaulted in his obligations to pay child support and the stipend within the next five years, then upon giving him 30-days' notice, and failure to cure the default, the $1458.79 would become immediately due and payable to Lois. Additionally, under the stipulation, if Alan defaulted in the payment of child support or the healthcare stipend, then upon giving him 30-days' notice and his failure to cure the default, Alan would also be financially responsible for payment of all healthcare expenses for the children in addition to the previous healthcare expenses. At the time of the hearing such expenses totaled $2268.90.

¶12 In 1996 Alan paid $2683 of $3300 in child support and stipend payments due under

the stipulation. In 1997 Alan paid $3035 of the $3300 due under the stipulation, with a total delinquency of $882 owed in those two years. During that time, Alan suffered an eye injury and was out of work due to the injury. Lois gave Alan timely written notice of his defaults, but he did not cure his defaults within 30 days. On June 25, 1996, Lois filed an affidavit and motion for contempt relating to Alan's failure to pay the child support and healthcare stipend. On January 30, 1997, Alan filed another motion to modify his child support and requested other relief.

¶13 On April 29, 1997, Child Support Enforcement Division (CSED) ordered Alan's employer to withhold child support in the amount of $275 per month, and handling costs of $5 per month. CSED subsequently ordered Alan's employer to increase withholding to $322.25 per month to collect arrearages. The arrearages as of August 20, 1998 were $468.62.

¶14 The District Court held a hearing on July 27, 1998, on the motions regarding the modification of child support, and Lois's motion for contempt. The District Court entered its Findings of Fact, Conclusions of Law and Order on May 12, 1999. The District Court held the stipulation filed January 4, 1996, was valid and enforceable. The District Court further held that the default remedies under the stipulation requiring Alan to pay medical expenses assumed by Lois could not be invoked because the default in payments of $882 over two years was not a material default, the default was excusable, and the particular default provision provided a harsh remedy tantamount to strict forfeiture. The District Court then held that Respondent's default was not sufficient to invoke such a remedy without an opportunity to cure, and evidence showed that Alan was curing the default with regular payments.

¶15 The District Court modified Alan's child support to $280 per month and required Alan to reimburse insurance monies received for an injury to his son to healthcare providers or Lois, as would be appropriate, and to immediately pay off the Visa credit card debt and to indemnify and hold Lois harmless from any liability.

¶16 The Court also held that neither party may be considered to be the prevailing party, and no attorney fees or costs should be awarded. On November 23, 1999, Lois filed an appeal from the Findings of Fact, Conclusions of Law and Order entered May 12, 1999.

## STANDARD OF REVIEW

¶17 In cases involving modification of child support, we generally review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Pearson*, 1998 MT 236, ¶ 29, 291 Mont. 101, ¶ 29, 965 P.2d 268, ¶ 29; *In re Marriage of Widhalm* (1996), 279 Mont. 97, 100, 926 P.2d 748, 750. We review the district court's conclusions of law to determine whether the court's determination of law was correct. *Pearson,* ¶ 29. A district court's overall decision on modification of child support awards is reviewed for abuse of discretion, keeping in mind the best interests of the child or children. *Pearson*, ¶ 29. We review a district court's award of attorney fees for abuse of discretion. *Pearson*, ¶ 29; *In re Marriage of Schnell* (1995), 273 Mont. 466, 473, 905 P.2d 144, 148. In evaluating abuse of discretion, we look to whether the court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Pearson*, ¶ 30; *In re Marriage of Wessel* (1986), 220 Mont. 326, 333, 715 P.2d 45, 50.

## ISSUE ONE

¶18 Did the District Court err in finding that certain default remedies under the parties' stipulation could not be invoked?

¶19 Lois argues that the District Court should not have relieved Alan of the obligation to pay pre and poststipulation healthcare expenses when he defaulted on paying his child support and healthcare stipend. Alan contends that the District Court ruling was fair to both parties and should be affirmed.

¶20 The District Court concluded that the default remedies requiring Alan to pay pre and poststipulation medical expenses, which Lois assumed under the stipulation, could not be invoked for several reasons. The District Court determined that the default on payment of $882 in child support and stipend payments over two years was not a material breach, the default was excusable, and this particular provision provided a harsh remedy tantamount to strict forfeiture. The court concluded that Alan's default was not sufficient to invoke such a remedy without an opportunity to cure. The District Court also found evidence that Alan was curing the default through regular payments to Lois.

¶21 Terms relating to child support in dissolution agreements are not binding on the district court. Section 40-4-201(2), MCA. *See also, In re Marriage of Converse* (1992), 252 Mont. 67, 70, 826 P.2d 937, 939; *In re Marriage of Mager* (1990), 241 Mont. 78, 82, 785 P.2d 198, 200. Although this is a modification of an agreement, and not a dissolution agreement, the same principles apply. The stipulation was filed with the District Court,

and the court entered its own order modifying the parties' obligations. Subsequently, the District Court has the authority to modify its previous order.

¶22 The District Court specifically found the agreement to be valid and enforceable. Lois incorrectly attempts to define the agreement as a property settlement, and urges this Court to review the District Court's findings on a de novo basis and uphold the default remedies. However, this Court interprets any agreement regarding child support in light of prevailing family law principles. In the instant case, the default remedy in the stipulation relates to the payment of child support and thus should be analyzed as a term regarding child support payments.

¶23 The District Court found that Alan's default of $882 over two years was immaterial. We agree. In determining whether a failure is material, a district court may look at several factors, including the extent to which the party will be deprived of a benefit reasonably expected, the extent to which an injured party can be compensated, the extent to which the party failing to perform will suffer forfeiture, the likelihood of curing the default, and the extent to which the defaulting party acts with good faith. *See* Restatement (Second) of the Law of Contracts § 241 (1979). Lois's deprivation is relatively small. Alan had a total delinquency of $882 in two years, and had paid over $5700 in child support. Further, Alan is curing the default through the monthly garnishment of his wages, which cover both child support and payment of the arrearages.

¶24 Because the District Court found that the default was immaterial, the District Court did not err in concluding that certain default remedies under the stipulation could not be invoked. The District Court correctly determined that Alan's default was not material, and thus we do not need to reach any further question about Alan's default. Furthermore, if a party incurs forfeiture or loss in the nature of forfeiture, the party may be relieved from making full compensation, except in cases of grossly negligent, willful, or fraudulent breach of duty. Section 28-1-104, MCA. *See also, Blakely v. Kelstrup* (1994), 267 Mont. 274, 883 P.2d 814. Alan is making monthly payments through garnishment of his wages that cover his full child support payments, as well as payments to cover the arrears owed to Lois. Thus, we find the District Court was correct in its interpretation of the default provisions.

¶25 Lois also argues that Alan was required to plead any defenses to the breach of contract as affirmative defenses in his original pleadings under Rule 8(c), M.R.Civ.P. The District Court had the authority to modify the agreement as necessary in the best interests of the

children, regardless of the pleadings or motions of the parties.

## ISSUE TWO

¶26 Did the District Court err in not awarding Lois child support retroactive to January 1996?

¶27 Lois argues that the District Court erred by not awarding Lois child support retroactive to January 1996 because the terms of the stipulation require payment of child support retroactive to the date provided for in the stipulation. Alan argues that the District Court ruled correctly in awarding a modification of child support retroactive to September 1, 1998.

¶28 The District Court modified child support to require Alan to make a payment of $280 per month for the support of the parties' minor children retroactive to September 1, 1998. In addition, the Court ordered Alan to pay $75 per month pursuant to the stipulation for the healthcare expenses. Lois argues the trial court did not have discretion to modify the agreement as to child support, and asks that child support be required retroactive to January 1996 as per the parties' written agreement.

¶29 As we have repeatedly stated, written agreements in which parties to dissolution stipulate to terms of dissolution, while encouraged by the State, are not binding on the district court as to child support. Section 40-4-201(2), MCA. *See Converse*, 252 Mont. at 70, 826 P.2d at 939; *see also Mager*, 241 Mont. at 82, 785 P.2d at 200. Thus, the District Court had the discretion to determine the appropriate level of child support to be granted to Lois. The District Court's modification of child support was based on the calculations submitted by Lois in August 1998. This information was adopted by the court when it ordered an increase in Alan's child support obligations to $280 per month retroactive to September 1, 1998. Thus, we hold that the District Court did not abuse its discretion when it determined the retroactivity date for child support modification.

## ISSUE THREE

¶30 Did the District Court err in not awarding Lois attorney fees and costs?

¶31 Lois contends that she should have been awarded her attorney fees and costs as a prevailing party. Alan argues that the District Court's ruling was fair to both parties.

¶32 After considering the financial resources of both parties, the district court may order a party to pay reasonable attorney fees for maintaining and defending specified dissolution, custody, and child support proceedings. Section 40-4-110, MCA. A trial court may be bound by the terms of a dissolution contract granting attorney fees for a prevailing party. *In re Marriage of Caras* (1994), 263 Mont. 377, 385, 868 P.2d 615, 620. But, in this particular case, however, neither party clearly prevailed. The District Court modified the award of child support, granting more than Alan proposed to pay, yet less than Lois requested. The District Court made a specific ruling that neither party shall be considered the prevailing party for purposes of awarding attorney fees. We conclude that the District Court exercised its discretion in that determination, when neither party was totally successful. *See, e.g., In re Marriage of Hahn* (1994), 263 Mont. 315, 323, 868 P.2d 599, 604; *In re Marriage of Hebert* (1992), 255 Mont 69, 840 P.2d 584.

¶33 Lois also requests an award of attorney fees and costs incurred on appeal. Lois is not a prevailing party in this matter, thus her request for attorney fees is denied.

¶34 We affirm the Findings of Fact, Conclusions of Law and Order of the District Court.

/S/ JIM REGNIER

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART